IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
MELISSA S. MOBREY,            )
                              )
          Plaintiff,          )   Civil Action No. 06-1283
                              )
     v.                       )   Judge Flowers Conti
                              )   Magistrate Judge Caiazza
LASOSKY'S PERSONAL CARE       )
HOME, INC., et al.,           )
                              )
          Defendants.         )
```

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

It is respectfully recommended that the Defendants' unopposed Motion for Summary Judgment (Doc. 25) be granted.[1]

As Defense counsel correctly observes, the Plaintiff's Title VII claim requires proof that her former employer, Lasosky's Personal Care Home ("Care Home"), had fifteen or more employees for twenty or more calendar weeks in the current or preceding calendar year. Silnutzer v. Sharp Med. Imaging, 2007 WL 2616284, *2 (W.D. Pa. Sept. 6, 2007) (McVerry, J.) (citations omitted). The ADEA requires twenty or more such employees. Erie County Retirees Ass'n v. County of Erie, Pa., 220 F.3d 193, 209 (3d Cir. 2000) (citation omitted).

The Plaintiff's employment was terminated in December 2005. See Compl. (Doc. 1) at ¶ 15. The Defendants have submitted payroll records confirming that, for the years 2004 and 2005,

---

[1] The Plaintiff was ordered to respond to the Defendants' Motion on or before November 30, 2007. See text-Order dated 10/31/2007. That date has come and gone, and no response has been filed.

the longest period Care Home had fifteen or more employees was from March 3, 2004 until March 17, 2004. *See* payroll records (filed under Doc. 25-2) (confirming that, other than time just referenced, number of employees ranged between nine and thirteen). This falls well short of twenty calendar weeks, and Care Home was not an employer as defined by Title VII or the ADEA.

The only other question is whether the individual Defendants, Care Home owners Barry and Lori Lasosky and manager Marjorie Brown, have been or should be counted as employees. *See* Compl. at ¶¶ 8-10; Dep. Tr. of Lori Lasosky at 3, 7, 10 (identifying herself as co-owner, administrator and vice president of company; Barry Lasosky as co-owner and president; and Marjorie Brown as manager). Although Care Home's payroll records have the last names of its employees redacted, at least one of the entries can be read, and it confirms that Marjorie Brown has been counted as an employee. *See* Doc. 25-2 at pg. 8 of 20 (entry dated Sept. 29, 2004).

As for the Lasoskys, the Supreme Court has explained the distinction between "employers" and "employees":

> [A]n employer is the person, or group of persons, who owns and manages the enterprise. The employer can hire and fire employees, can assign tasks to employees and supervise their performance, and can decide how the profits and losses of the business are to be distributed.

Clackamas Gastroenterology Assocs., P.C., v. Wells, 538 U.S. 440, 449-50 (2003) (citations and internal quotations omitted).

Ms. Lasosky's deposition confirms that Mr. Lasosky did not work at Care Home; his role was limited to being the co-owner and president. *See* Dep. Tr. of L. Lasosky at 7. Under the circumstances, he cannot have been an employee. *See generally* Clacakamas at 450 ("an employer is the person" "who owns . . . the enterprise").

As for Ms. Lasosky, her deposition confirms that she received patient complaints regarding the Plaintiff, was involved in her disciplinary process, and terminated her employment. *Compare* Dep. Tr. of L. Lasosky at 8-9 *with* Clacakamas (employers hire and fire employees, set rules and regulations of work, and supervise employees). There is no evidence Ms. Lasosky was intended to be an employee, "as expressed in [a] written agreement[] or contract[]." *See* Clacakamas at 450 (considering this factor in addition to those identified above). Nor is there any indication that Ms. Lasosky, as co-owner and vice president of Care Home, "reported to someone higher in the organization." *Id.* (same). Finally, there is no reason to question her influence on the company, or that she shared in its profits, losses, and liabilities. *Id.*

In essence, Care Home was a "mom and pop" care provider, owned and managed by the Lasoskys. *See* discussions *supra*.

The only evidence of record confirms that these individuals were employers, not employees; the Plaintiff, having failed to respond to summary judgment, has not demonstrated the contrary. *See generally* Jakimas v. Hoffmann-La Roche, Inc., 485 F.3d 770, 777 (3d Cir. 2007) ("[i]f the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to [her] case," "summary judgment is proper") (citation and internal quotations omitted).

Finally, the court should decline to exercise supplemental jurisdiction over the Plaintiff's remaining claims under the PHRA. "[A]bsent extraordinary circumstances, where the federal causes of action are dismissed the district court should . . . refrain from exercising [supplemental] jurisdiction." Bright v. Westmoreland County, 380 F.3d 729, 751 (3d Cir. 2004) (citations and internal quotations omitted). No extraordinary circumstances exist here, and supplemental jurisdiction should be declined.

In accordance with the Magistrate's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by December 20, 2007. Responses to objections are due by December 31, 2007.

December 4, 2007

Francis X. Caiazza
U.S. Magistrate Judge

cc (via email):

Lois E. Glanby, Esq.
Kimberly J. Kisner, Esq.